RECEIVED

FEB 2 7 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IKE FULLER | : | NO. 2:14-CV-03002 |
| | : | |
| VERSUS | : | JUDGE WALTER |
| | : | |
| ROLAND JONES AND TONY | : | MAGISTRATE JUDGE KAY |
| MANCUSO, *Individually and in his* | : | |
| *Capacity as the Calcasieu Parish Sheriff* | : | |

## MEMORANDUM RULING

Before the court is a motion to remand, [Doc. #3], filed on behalf of plaintiff Ike Fuller ("Fuller"). Defendants Roland Jones and Tony Mancuso (collectively, "defendants") oppose the motion. [Doc. #7]. For the following reasons, the motion to remand, [Doc. #3], is **DENIED**.

### I. BACKGROUND

On September 17, 2014, Fuller filed a petition for damages against defendants in the 14th Judicial District Court for the Parish of Calcasieu, State Louisiana. [Doc. #1-2, pp. 1-8]. In the petition, Fuller alleges that Roland Jones ("Deputy Jones"), a Calcasieu Parish Sheriff's Deputy, used excessive force when arresting Fuller on November 7, 2013. *Id.* at 3. Specifically, the petition alleges that Deputy Jones broke Fuller's shoulder and took advantage of Fuller's intoxicated state to deny Fuller ambulance services. *Id.* at 1–2. Fuller also alleges that Calcasieu Parish Sheriff Tony Mancuso ("Sheriff Mancuso") denied Fuller adequate medical care for his shoulder injury and hypertension while Fuller was incarcerated at the Calcasieu Correctional Center following his arrest. *Id.* at 2–3.

The petition carefully sets forth nearly all of Fuller's legal arguments under state law only.

-1-

Fuller alleges various violations of the Louisiana Constitution, Louisiana Revised Statutes, and Louisiana Civil Code, but does not specify any violation of the United States Constitution or Federal Statute. *Id.* at 4–7. However, his petition does include a blanket assertion that "the defendants' actions individually and/or in concert caused the civil rights and/or constitutional rights of the petitioner to be violated as well as the violation of Louisiana state laws." *Id.* at 7, ¶ 25. Furthermore, the petition demands punitive damages for defendants' "reckless and callous indifference to the state protected rights of the petitioner." *Id.* at ¶ 26.

On October 13, 2014, defendants timely removed the matter to this court. [Doc. #1, p. 3]. Defendants argue that, although Fuller advances most of his theories of recovery under Louisiana law, he nonetheless "makes claims and seeks redress pursuant to the laws and constitution of the United States . . . ." *Id.* at 2. Defendants premise this argument on Fuller's claim that his "civil rights and/or constitutional rights" were violated, which, defendants contend, reveals that Fuller is actually stating a claim under 42 U.S.C. § 1983. [Doc. #1, p. 2; Doc. #1-1; Doc. #7, p. 8]. Additionally, defendants point out that punitive damages are not recoverable under Louisiana law, but are recoverable under § 1983.[1] [Doc. #7, p. 7]. Defendants therefore argue that this court has original subject matter jurisdiction over Fuller's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Fuller's state law claims under 28 U.S.C. § 1367(a). [Doc. #1, p. 3].

Fuller now moves to remand. [Doc. #3].  He argues that no federal questions are present on the face of his petition and therefore this court does not have jurisdiction under the well-pleaded

---

[1] Defendants also argue that Fuller's request for attorney's fees is only cognizable under Federal law and not Louisiana law. [Doc. #7, p. 7]. This argument is foreclosed by the Fifth Circuit's decision in *In re Hot-Hed, Inc.*, in which the court held that "a request for attorney's fees cannot be a basis for federal jurisdiction." 477 F.3d 320, 324 (5th Cir. 2007)(quoting *Carter v. Health Net of Cal., Inc.* 374 F.3d 830, 834 (9th Cir. 2004)). Accordingly, this order does not address the defendants' arguments regarding attorney's fees.

complaint rule. [Doc. #3, p. 4]. Fuller states that this court should honor his choice to narrow his scope of relief by choosing to assert only state law claims. *Id.* at 7.

## II. LAW & ANALYSIS

A civil action filed in state court may be removed to federal court if the federal court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Generally, federal-question jurisdiction exists if a federal issue appears on the face plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, "[i]f, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking" and removal to federal court is improper. *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000).

The plaintiff is the master of the complaint and may avoid federal jurisdiction by choosing to rely exclusively on state law. *Caterpillar*, 482 U.S. at 398–99. "[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." *Id.* at 399. Consequently, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

After due consideration, the court finds that a federal question appears on the face of Fuller's complaint. The complaint alleges that "the defendants' actions individually and/or in concert caused

the civil rights and/or constitutional rights of the petitioner to be violated *as well as the violation of Louisiana state laws.*" [Doc. #1-2, p. 7 at ¶ 25 (emphasis added)]. As the emphasized language demonstrates, Fuller differentiates this allegation by characterizing it as additional to his state-law claims. *Id.* The additional "civil rights and/or constitutional rights" that Fuller is referring to must necessarily be his rights under the Constitution and laws of the United States.

Fuller's reference to the violation of his federal rights, when fairly read in conjunction with the remainder of his petition, facially states a claim under 42 U.S.C. § 1983.[2] To state a claim under § 1983, a plaintiff must: (1) allege the violation of a right secured by the Constitution and laws of the United States; and (2) show that the alleged deprivation was committed by a person acting under color of state law." *E.g., West v. Atkins*, 487 U.S. 42, 48 (1988). Fuller has done both.

First, although Fuller does not identify a federal constitutional provision that was violated, his constitutional theories are not difficult to discern. Fuller's petition is replete with references to Deputy Jones's "violation of due process," "unreasonable seizure," and "unreasonable and excessive force." [Doc. #1-4, p. 4, ¶¶ 16, 18]. Thus, it is readily apparent that Fuller's federal claims against Deputy Jones are based on the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amend. IV (proscribing unreasonable seizure); U.S. CONST. amend. V (guaranteeing due process); U.S. CONST. amend. VIII (prohibiting cruel and unusual punishment); U.S. CONST. amend. XIV, § 1 (making the foregoing amendments applicable to the

---

[2] Section 1983 provides, in pertinent part, as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

-4-

States via incorporation). As for Fuller's claim that Sheriff Mancuso failed to "provide a reasonable standard of medical care" while Fuller was incarcerated, such a claim is analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 101–05 (1976). Accordingly, the court finds that Fuller has alleged violations of his rights secured by the Constitution and laws of the United States, which is the *sine qua non* of any § 1983 claim. *See, e.g.*, *West*, 487 U.S. at 48.

Fuller has also alleged that the defendants acted under color of state law, thus satisfying the second prerequisite of § 1983. The petition repeatedly emphasizes that Deputy Jones committed allegedly wrongful acts while acting in the course and scope of his employment as a Calcasieu Parish Sheriff's deputy. [Doc. #1-2, pp. 1–6, ¶¶ 1, 4, 15, 16, 20, & 24]. Fuller also names Sheriff Mancuso in his capacity as the Calcasieu Parish Sheriff in his allegation regarding inadequate medical care. [Doc. #1-2, pp. 1–2, ¶¶ 1, 10]. Fuller's alleges that defendants abused the authority granted to them by virtue of their respective positions in Louisiana law enforcement, making § 1983 applicable. *West*, 487 U.S. at 49–50.

Moreover, Fuller's petition demands that punitive damages be awarded because "defendants' conduct amounted to a reckless and callous indifference to the state protected rights of the petitioner." [Doc. #1-2, p. 7, ¶ 26]. As defendants correctly point out, punitive damages are not available to Fuller under Louisiana law, because there is no Louisiana statute authorizing such damages for the allegations pled herein. *See Russ v. Conoco, Inc.*, 828 So. 2d 546, 555 (La. 2002) ("[A] fundamental tenet of [Louisiana] law is that punitive or other penalty damages are not allowable unless expressly authorized by statute"). However, punitive damages are authorized under § 1983 "when the defendant's conduct is shown the be motivated by evil motive or intent, or when

it involves *reckless or callous indifference to the federally protected rights* of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983) (emphasis added). Perhaps due to the lack of a Louisiana statutory basis for punitive damages, it appears that Fuller simply pled the controlling federal standard and substituted "state protected rights" in lieu of "federally protected rights." Assuming *arguendo* that Fuller would be able to establish that defendants acted with reckless or callous indifference, the source of any punitive damage award would be under § 1983 exclusively. Thus, Fuller's demand for punitive damages lends further support to the court's conclusion that his petition states a federal claim on its face. *See Hall v. City of Alexandria*, 111 F. Supp. 2d 785, 788 (W.D. La. 2000) (finding that plaintiff invoked federal law when he demanded punitive damages in relation to state-law claims for excessive force and false arrest).

This is not a case in which the defendants seek to invoke federal jurisdiction based on a federal defense or the "artful pleading" doctrine.[3] Rather, this is a case in which a vague federal claim is actually stated on the face of the petition in addition to explicit state-law claims. Accordingly, this matter is distinguishable from the decisions within this circuit finding that a plaintiff's state-law claims for excessive force did not amount to a claim under § 1983.[4]

---

[3] Under the artful pleading doctrine, a plaintiff may not defeat federal jurisdiction by cleverly drafting his pleadings to omit a necessarily federal question. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)). The artful pleading doctrine "does not convert legitimate state claims into federal ones, but rather reveals the suit's necessary federal character." *Carpenter v. Witchita Falls Indep. Sch. Dist.*, 44 F.3d 362, 367 (5th Cir. 1995).The Fifth Circuit limits application of the artful pleading doctrine to exceptional situations in which the state law at issue is completely preempted by federal law such that there is, in truth, no state claim at all. *See Bernhard*, 523 F.3d at 551; *Terrebone Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188–89 (5th Cir. 2001); *Waste Control Specialists, LLC v. Envirocare of Tex., Inc.*, 199 F.3d 781, 783 (5th Cir. 2000), *withdrawn in part on other grounds*, 207 F.3d 225 (5th Cir. 2000); *Carpenter*, 44 F.3d at 367.

[4] *See, e.g., Redus v. Univ. of the Incarnate Word*, No. 5:14-cv-509, 2014 WL 6656799, at *5–9 (W.D. Tex. Nov. 25, 2014) (finding that plaintiff's claims of excessive force under Texas law did not give rise to federal jurisdiction); *Bridge Point Yacht Ctr. v. Calcasieu Parish Sheriff's Office*, No. 2:13-cv-257, 2013 WL 1197143, at *2 (W.D. La. Mar. 25, 2013) (declining to apply the "artful pleading" doctrine to plaintiff's claims of excessive force based exclusively on Louisiana law); *Lowe v. Police Dep't of Alexandria*, No. 1:08-cv-1518, 2010 WL 1750826, at *2–4 (W.D. La. Apr. 5, 2010), *report and recommendation adopted by* No. 1:08-cv-1518, 2010 WL 1740821 (W.D. La. Apr. 30,

Fuller's separate federal claim is within this court's original subject matter jurisdiction under 28 U.S.C. § 1331. As such, removal was proper under 28 U.S.C. § 1441(a). The court will exercise supplemental jurisdiction over Fuller's state-law claims under 28 U.S.C. § 1367(a), because those claims clearly "form part of the same case or controversy" as Fuller's federal claim.

### III. CONCLUSION

For the foregoing reasons, Fuller's motion to remand, [Doc. #3], is **DENIED.**

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27 day of February, 2015.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

2010) (noting that Louisiana's excessive force tort mirrors the federal constitutional counterpart and finding that plaintiff had only pled the state law version); *Quinn v. Guerrero*, No. 4:09-cv-166, 2009 WL 5166223, at *5 (E.D. Tex. Dec. 22, 2009) (finding that multiple references in plaintiff's petition to excessive force, without a corresponding reference to a federal statute, did not state a federal claim); *Fontenot v. Town of Mamou*, No. 6:09-cv-0855, 2009 WL 3149380 at *2–3 (W.D La. Sept. 25, 2009) (holding that plaintiff sought relief exclusively under Louisiana law for officers' alleged use of excessive force).